IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SANTANDER CONSUMER USA INC.;** and **DRIVE TRADEMARK HOLDINGS LP**, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:09-CV-866-L** |
| **JASON W. GIRDNER; DRIVE BEYOND FINANCIAL SERVICES;** and **ALLIGATOR EYE, LLC**, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion for Default Judgment, filed November 4, 2009. After consideration of the motion, appendix, record, and applicable law, the Court hereby **grants** Plaintiff's Motion for Entry of Default and for Default Judgment.

**I.   Background**

This is a trademark infringement, copyright infringement, unfair competition, and dilution action against Defendants Jason W. Girdner, Drive Beyond Financial Services, and Alligator Eye, LLC (collectively, "Defendants"). Plaintiffs possess federally registered trademarks (the "Drive Marks"), identified in their original complaint, that presumably are being used by Defendants in violation of the Lanham Act. Defendants have also presumably copied Plaintiffs' copyrighted works, in both design and content combination, and are therefore engaging in unfair competition with Plaintiffs by wrongfully displaying them on their website, www.drivebeyond.com. Plaintiffs further allege that Defendants' infringing conduct was and is willful.

**Memorandum Opinion and Order – Page 1**

Plaintiffs filed their lawsuit in this court on May 8, 2009, alleging that Defendants violated the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, the federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and other state and federal unfair competition laws. Defendants were properly served on May 18, 2009, and to date have not filed an answer to Plaintiffs' complaint, nor have they responded to the allegations in any other manner. Plaintiffs requested an entry of default, which the court entered earlier today. Plaintiffs now request a default judgment against Defendants for statutory damages and costs, attorney's fees, a permanent injunction preventing further use of Plaintiffs' copyrighted and trademarked material by Defendants, and the destruction of all infringing materials.

**II.     Analysis**

The court finds that because Defendants have neither filed an answer to Plaintiffs' complaint nor otherwise defended in this lawsuit, and because Defendant Jason W. Girdner is not an infant, an incompetent or in the military, Plaintiffs are entitled to judgment against Defendants. The court therefore accepts as true the well-pleaded facts stated by Plaintiffs in their complaint, and those other facts in Plaintiff's Motion for Entry of Default and for Default Judgment, and the appendix accompanying the motion.

**A.     Damages**

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). Plaintiffs seek to recover from Defendants statutory damages in the amount of $50,000 pursuant to 17 U.S.C. § 504(c).

**Memorandum Opinion and Order – Page 2**

Section 504(c) allows for the recovery of either statutory damages or actual damages and any additional profits of the infringer. 17 U.S.C. § 504(a)(1)-(2). "[T]he copyright owner may elect . . . to recover . . . an award of statutory damages for all infringements involved in this action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 or as the court considers just." 17 U.S.C. § 504(c)(1). In a case of willful infringement, as advanced here, the court "may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). Plaintiffs ask the court to award $50,000 in statutory damages for the infringement set forth in their complaint and the Exhibits attached thereto. The court determines that these damages are ascertainable from the complaint, exhibits, and statutory provisions of the Copyright Act, and finds that Plaintiffs are entitled to the $50,000 amount.

B.   **Permanent Injunction**

Plaintiffs request that the court permanently enjoin Defendants from further infringements of their copyrighted materials. The court may issue a permanent injunction "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). A party seeking a permanent injunction must establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to [Plaintiffs] outweighs any damage the injunction might cause to [Defendants]; and (4) that the injunction will not disserve the public interest." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (citing

**Memorandum Opinion and Order – Page 3**

*Plains Cotton Co-op. Ass'n v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir. 1987)).

Based on the record before it, the court finds that Plaintiff has prevailed on its claims. Accordingly, it has satisfied the first prerequisite for permanent injunctive relief. The court also finds there is a substantial threat that irreparable harm will result if injunctive relief is not granted; that the threatened injury outweighs the threatened harm to Defendants; and that a preliminary injunction will not disserve the public interest. Put another way, the court determines that Plaintiffs are entitled to permanent injunctive relief. It is therefore ordered that Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted works, including the "Drive Beyond" marks, names, and/or logos and their derivatives, including the domain name www.drivebeyond.com, and from registering any other domain names incorporating, in whole or in part, any word or mark identical or similar to the Drive Marks, attached to the complaint, including the word marks "Drive," "Drive Financial," and "Drive Financial Services," and from using any of the Drive Marks in the websites or metatags of any website owned or operated by or affiliated with Defendants Jason W. Girdner, Drive Beyond Financial Services, or Alligator Eye LLC. The court further permanently enjoins Defendants' display of all Plaintiffs' copyrighted works, including those displayed on the website, www.drivebeyond.com. The court also orders that all infringing materials or articles used in connection with Defendants' products and services be surrendered to Plaintiffs for destruction, pursuant to the express provisions of Section 1118 of the Lanham Act.

### C.     Costs and Attorney's Fees

Plaintiffs also seek costs and reasonable attorney's fees totaling $22,660.73. In support, Plaintiffs submit—as part of their appendix—the declaration of one of their attorneys, Nhut Tan Tran, and redacted copies of statements from the law firms of their counsel, Gruber Hurst Johansen & Hail LLP and Hermes Sargent Bates, LLP. The court may award attorney's fees pursuant to the Lanham Act in "exceptional cases." 15 U.S.C. § 1117(a). Based upon the record before it, the court determines that Defendants were warned of their infringement and given an opportunity to stop but that they continued to openly engage in infringing activity over the internet. The court further determines that Defendants continue to infringe upon Plaintiff's marks and that this constitutes willful conduct sufficient to justify an award of attorney's fees under the Lanham Act. Having reviewed the declaration of Nhut Tan Tran and the redacted copies of account statements in light of applicable law, the court determines that Plaintiffs are entitled to costs and attorney's fees in the amount of $22,660.73. Specifically, the court finds that the hourly rates charged for such services were reasonable and consistent with the hourly rate charged for like professionals within the Dallas legal community.

## III.    Conclusion

For the reasons stated, the court **grants** Plaintiffs' Motion for Default Judgment. Accordingly, the court hereby **orders** that default judgment be entered for Plaintiffs Santander Consumer USA Inc. and Drive Trademark Holdings LP in the amount of $50,000, plus postjudgment interest thereon at the applicable federal rate. The court also **permanently enjoins** Defendants, as provided above, from further infringements on Plaintiffs' copyrighted and trademarked works and **orders** the destruction of any infringing materials in possession of Defendants. Costs and attorney's

fees in the amount of $22,660.73 are assessed against Defendants.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

It is so ordered this 30th day of November, 2009.

Sam A. Lindsay
United States District Judge